THE STATE, Appellant, v. HERMAN HERSHMAN, HARRY WEINER and WILLIAM CARROLL.—143 S. W. (2d) 1025.

Division Two, September 27, 1940.

Roy McKittrick, Attorney General, Tyre W. Burton and Robert L. Hyder, Assistant Attorneys General, W. W. Graves and G. H. Maitland for appellant.

John C. Grover, Levy & Kirschner, Clark, Boggs, Peterson & Becker, Howard B. Lang, Jr., and W. L. Nelson, Jr., for respondents; Howard C. Knotts of counsel.

LEEDY, J.—This is an appeal from a judgment of the Circuit Court of Jackson County by which defendants' motion to quash the amended information herein was sustained, and the defendants ordered discharged. Motion for new trial or rehearing on said motion was timely filed and overruled, and the State appeals. The prosecution is based on an alleged violation of the so-called "filled milk" statutes.

894

[Secs. 12408-12415, R. S. 1929; Secs. 12408-12415, Mo. Stat. Ann., pp. 404-406.] The offense is a misdemeanor, but the constitutional validity of certain of these sections is involved on this appeal; hence, jurisdiction is in this court.

 The information (omitting caption and signatures) is as follows:

"Now comes G. H. Maitland Assistant Prosecuting Attorney *fo* the State of Missouri, in and for the body of the County of Jackson, and upon his oath informs the Court, that Herman Hershman, Harry S. Weiner and William Carroll, whose Christian name in full is unknown to said Assistant Prosecuting Attorney, late of the county aforesaid, on the 14th day of November, 1939, at the County of Jackson, State of Missouri, did then and there unlawfully sell, Carolene or Milnut, a milk product, to-wit: Condensed or evaporated milk or condensed skimmed milk, containing fat and oil, other than milk fat, to-wit: Coconut oil and fish oil, contrary to law and the Statutes made and provided, and; against the peace and dignity of the State."

Section 12408, upon which the State says the information was based, reads as follows:

"It shall be unlawful for any person, firm or corporation, by himself or itself, his or its agent or servant, or as the servant or as agent of another, to manufacture, sell or exchange, or have in possession with the intent to sell or exchange, any milk, cream, emulsified cream, skim milk, buttermilk, condensed or evaporated milk, powdered milk, condensed skim milk, or any of the fluid derivatives thereof, or any of them, to which has been added any fat or oil other than milk fat, either under the name of said product or articles of the derivatives thereof, or under any fictitious or trade name whatsoever."

Section 12413 is similar to Section 12408, except that it does not name emulsified cream.

Section 12409 defines the term "filled milk" as meaning

"any milk, cream or skim milk, whether or not condensed, evaporated, concentrated, powdered, dried or desiccated, to which has been added, or which has been blended or compounded with, any fat or oil other than milk fat, so that the resulting product is in imitation or semblance of milk, cream or skim milk, whether or not condensed, evaporated, concentrated, powdered, dried or desiccated, which has been melted or refined by heating, boiling or mixing. *Provided* that the above definition shall not include any distinctive proprietary food compound, not readily mistaken in tests for milk or cream, or for evaporated, condensed or powdered milk or cream: *Provided, however,* that such compound is prepared and designed for feeding infants and young children and customarily used on the order of a physician; is packed in individual cans containing not more than sixteen and one-half ounces and bearing the label in bold type, that the contents are to be used only for said purposes; is shipped in

interstate or foreign commerce exclusively to physicians, wholesale or retail druggists, orphan asylums, child welfare associations, hospitals and similar institutions and generally distributed by them."

During the pendency, and before the submission of, the present appeal, the court en banc, on September 3, 1940, decided the case of State of Missouri, upon the information of Roy McKittrick, Attorney-General, relator, v. Carolene Products Co., a corporation, respondent, 346 Mo. 1049, 144 S. W. (2d) 153, which was an original proceeding in *quo warranto* to prohibit the respondent from doing business in this State, the charge being that it was violating the "filled milk" statutes, supra. Following that decision both the State and defendants here filed supplemental briefs whereby the issues have been narrowed. We are asked by the State to treat Carolene Products Co. as the real party in interest, and as this seems to be conceded, it will be done, but merely in the interest of brevity and understanding of the issues.

In the opinion in the *quo warranto* proceeding, the several sections of the statutes here in question were under consideration, and were construed. It is deemed unnecessary to review that opinion at length, but it should be read in connection herewith, and the reader is referred to it.

Under the construction placed upon the statutes in that opinion it was held upon a consideration of them as a whole that the legislative intent was "to prohibit the sale of filled milk, and that filled milk is only that milk to which has been added fat or oil other than milk fat '*so that the resulting product is in imitation or semblance of milk, cream or skim milk,*' and that if the product does not come within the statutory definition of filled milk it can be lawfully sold in this state." [Italics mine.]

We need pursue the matter no further than to ascertain whether the information charges that the milk product in question "containing fat and oil other than milk fat, to-wit, coconut oil and fish oil" to have been "in imitation or semblance of milk, cream or skim milk." It does not so charge, and is, therefore, fatally defective. There is nothing in the point, sought to be injected in the case for the first time on appeal, that it is necessary to charge in what way the product in question was in semblance or imitation.

Having reached the conclusion that the information is bad for the reason above noted, it becomes unnecessary to dispose of the constitutional questions presented, a course authorized by such cases as Taylor v. Dimmitt, Mayor, et al., 336 Mo. 330, 78 S. W. (2d) 841, and those cited therein. The judgment is affirmed. All concur.